IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>        Plaintiff,<br><br>   vs.<br><br>CORRECTIONAL OFFICER SHERIFF M. BROWN et al,<br><br>        Defendants. | Case No. 1:11-cv-00268 JLT (PC)<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 4)<br><br>ORDER DISMISSING MATTER WITHOUT PREJUDICE |

Plaintiff is a state prisoner proceeding pro se in an action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP")pursuant to 28 U.S.C. § 1915.

**I.   Background**

Plaintiff's complaint is not plainly or clearly worded. However, it appears, among other claims, that Plaintiff is alleging that he is diabetic and while housed at the Kern County Lerdo Jail Facility, from January 3, 2007 through April 29, 2008[1], he was deprived of fruit juices which he contends were needed to maintain his proper blood sugar level. (Doc. 1 at 5) Plaintiff alleges that Defendant Brown deprived him of these juices periodically and took steps to modify his prescribed diabetic diet to restrict Plaintiff's access to appropriate diabetic meals. Id. Likewise, he alleges that Brown caused him to be placed in solitary confinement for 39 days. Id. at 4. Plaintiff alleges that he developed a concern that Brown could

---

[1] Currently, Plaintiff is housed at Kern Valley State Prison in Delano, California. (Doc. 1 at 1)

1

tamper with his food and medication, so he stopped eating and taking his medication for nine days until Lerdo provided him sealed medication packets and had his meals delivered to him by a specified person with whom Plaintiff felt safe. Id. at 6. This caused him to lose weight rapidly. Id. Plaintiff alleges that Brown's actions were motivated by racial animus. Id. at 5.

**II.     The motion to proceed IFP must be denied.**

"Plaintiffs normally must pay $350 to file a civil complaint in federal district court . . . but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status." Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007). Plaintiff's motion to proceed IFP is governed by 28 USC § 1915 (a)(1) which reads,

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

However, the Court is required to deny the request to proceed IFP is certain circumstances. Subsection (g) of 28 USC § 1915 provides,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The statute "does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). However, "the phrase 'fails to state a claim on which relief may be granted'" as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id.

Here, the Court notes that in addition to this current matter, in recent years, Plaintiff has filed numerous cases in the United States District Court, Eastern District of California challenging the conditions of his confinement.[2]   In all but one, he proceeded with the case after the Court granted him

---

[2] The Court notes that Plaintiff reported incorrectly on his complaint that he had filed only three prior lawsuits. This is a far cry from the ten prior lawsuits that he has actually filed.

2

1  IFP status. In two other cases, Plaintiff's motion to proceed IFP is pending.

2  On March 8, 2007, Plaintiff filed the matter entitled <u>Hunter v. Youngblood</u>, 1:07-cv-00373 LJO
3  SKO. The Court granted Plaintiff's motion to proceed on May 31, 2007 (Doc. 9) On August 3, 2007,
4  Plaintiff filed the matter entitled <u>Hunter v. Youngblood</u>, 1:07-cv-00126 AWI SMS. In this matter, the
5  Court granted his request to proceed IFP on September 19, 2007 (Doc. 9). On January 5, 2009, Plaintiff
6  filed the matter entitled <u>Hunter v. Davis</u>, 1:09-cv-00017 OWW GSA. On June 26, 2009, the Court
7  granted Plaintiff's motion to proceed IFP (Doc. 16) On January 19, 2010, Plaintiff filed the matter
8  entitled <u>Hunter v. Attorney General for the State of California</u>, 1:10-cv-00096 OWW MJS and the Court
9  granted Plaintiff IFP status on March 2, 2010 (Doc. 5). On this same date, Plaintiff filed the matter
10 entitled <u>Hunter v. Director of Corrections</u>, 1:10-cv-00099 MJS. The Court granted Plaintiff's motion
11 to proceed IFP in this case on March 2, 2010 (Doc. 5). On February 11, 2011, Plaintiff filed the matter
12 entitled <u>Hunter v. Harrington</u>, 1:11-cv-00237 GBC. His motion to proceed IFP was filed on March 21,
13 2011 and is pending (Doc. 5). Three days later on February 14, 2011, Plaintiff filed the matter entitled
14 <u>Hunter v. Secretary of Adult & Youth Authority</u>, 1:11-cv-00248 GBC. Likewise in this case, Plaintiff's
15 motion to proceed IFP, which was filed on March 21, 2011, is still pending (Doc. 5).

16 Notably, on September 3, 2009, Plaintiff filed the matter entitled <u>Hunter v. Attorney General</u>
17 <u>State of California</u>, 1:09-cv-01556 MJS. The Court granted Plaintiff's request to proceed IFP on
18 November 20, 2009 (Doc. 4). This matter was dismissed, with leave to amend, for failure to state a claim
19 on May 28, 2010 (Doc. 12). In this current case, the Court has conducted a de novo review of the order
20 and concurs that Plaintiff's complaint failed to state a claim. Notably, Plaintiff failed to support his
21 conclusions of liability with factual allegations that would demonstrate wrongdoing. Moreover, the
22 complaint is a jumble of citations to federally protected rights without any factual showing how they
23 apply.

24 When Plaintiff failed to amend the complaint and after he failed to respond to the Court's July
25 14, 2010 order to show cause why the matter should not be dismissed for failure to state a claim and
26 failure to prosecute (Doc. 13), the matter was dismissed ultimately on October 25, 2010 (Doc. 26).

27 Again, on December 18, 2009, Plaintiff filed the matter entitled <u>Hunter v. High Desert S.P.</u>,
28 2:09-cv-03504 MCE DAD. On June 29, 2010, The Court granted Plaintiff's motion to proceed IFP

1  (Doc. 18). This matter was dismissed, with leave to amend, for failure to state a claim on June 29, 2010
2  (Doc. 18). The Court here has reviewed the order and agrees that the complaint fails to state a claim.
3  The underlying complaint is neither plain nor short and contains a hodgepodge of statements without
4  identifying how Plaintiff's rights have been impinged. As in the prior case, when Plaintiff failed to
5  amend the complaint, the matter was dismissed ultimately on October 28, 2010 (Doc. 26).

6  Finally, on July 21, 2010, Plaintiff filed the matter entitled Hunter v. Attorney General State of
7  California, 2:10-cv-00329 EFB. This matter was dismissed on July 21, 2010 because the Court
8  determined that it was frivolous (Doc. 12). The order reads, " . . . it is hereby ORDERED that this action
9  is dismissed as frivolous . . ."

10  In addition, in three of these matters, case numbers 1:09-cv-01556 MJS, 1:10-cv-00096 OWW
11  MJS and 1:10-cv-00099 MJS, Plaintiff filed appeals. All were dismissed upon the Court's determination
12  that it lacked jurisdiction.[3] In each of these appeals, Plaintiff sought review of the lower's court's
13  decision to deny him counsel. The Court here agrees that the order denying appointment of counsel is
14  neither final nor appealable and that appealing this order is frivolous.

15  Notably, Plaintiff's current claims do not relate to any claim of imminent danger, given that he
16  was last housed at Lerdo nearly three years ago and the claims relate only to events that occurred during
17  that time and at that location.

18  Therefore, after conducting de novo review of the pertinent orders pursuant to Andrews, 398 F.3d
19  at 1120-1121, the Court finds that the three district court cases which were dismissed included one
20  frivolous lawsuit and two lawsuits that failed to state a claim. Likewise, the Court finds that all three
21  of Plaintiff's appeals were frivolous because Plaintiff pursued each despite a clear lack of jurisdiction.
22  Id. Upon these bases, the Court finds that Plaintiff is no longer eligible to proceed IFP. As a result, the
23  Court must dismiss this matter without prejudice.

24  This conclusion is consistent with the conclusions reached in at least three other circuits. In
25  Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g)
26  mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner

---

[3] In case number 1:09-cv-01556 MJS, the Court of Appeals' August 24, 2010 order is found at docket entry 22. In case number 1:10-cv-00096 OWW MJS, the Court's August 26, 2010 order is found at docket entry 19 and in case number 1:10-cv-00099 MJS, its order issued on August 26, 2010 is found at docket entry 17.

cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he initiates the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follows the Eleventh Circuit's rationale. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 286 F.3d 378 (6th Cir. 2002). Moreover, this Court has adopted this approach. See e.g., Stephens v. Rivera, 2011 U.S. Dist. LEXIS 19758 at * 4-5 (E.D. Cal. Feb. 10, 2011); Peralta v. Martel, 2011 U.S. Dist. LEXIS 9503 at *11 (E.D. Cal. Jan. 31, 2011); Miller v. Keating, 2011 U.S. Dist. LEXIS 7096 at *5 (E.D. Cal. Jan. 24, 2011).

**ORDER**

Based on the foregoing, the Court hereby **ORDERS**,

1. Plaintiff's application for leave to proceed in forma pauperis is **DENIED**; and
2. This action is **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated:   **March 22, 2011**                                  /s/ Jennifer L. Thurston
                                                           UNITED STATES MAGISTRATE JUDGE